**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANDREA TRUJILLO, On Behalf of Herself and All Others Similarly Situated, | Case No.: 13 CV-01852 |
| Plaintiffs, | **CLASS ACTION** |
| v. | |
| WALGREEN CO., an Illinois Corporation | |
| Defendant. | |

**MOTION FOR CLASS CERTIFICATION**

Now comes Plaintiff, Andrea Trujillo, by and through her counsel and moves for class certification of a class of individuals who purchased Defendant's Vitamin E 400 IU Dietary Supplement, and in support thereof states as follows:

1. Plaintiff brings this action against Walgreen Co. ("Defendant") alleging that it engaged in consumer frauds that injured and damaged Plaintiff and the class she seeks to represent arising out of the sale of Vitamin E 400 IU Dietary Supplement ("Vitamin E" or the "Product"). On each and every Vitamin E product label and/or package, Defendant prominently states that the Product "naturally contributes to cardiovascular health by helping to protect LDL cholesterol from oxidation which may cause cellular damage" (hereinafter "the heart health representation"). However, Defendant's Vitamin E product does not contribute to cardiovascular health. Clinical cause and effect studies have shown that the sole "active" ingredient in the product, Vitamin E, does not work as represented by Defendant. In addition, Defendant does not have competent and reliable scientific evidence to support its representations. As a result of either or both of the foregoing, Defendant's representations are false, misleading, and deceptive

in violation of the Illinois Consumer Fraud Act and Consumer Fraud Laws similar to that of Illinois, and the California Unfair Competition Law and Consumers Legal Remedies Act.

2.  Plaintiff seeks to certify the following Multi-state class pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure:

**Multi-State Class**

> All consumers who, within the applicable statute of limitations period under their respective state's consumer fraud act, purchased the Vitamin E product in Illinois and states with similar laws.
>
> Excluded from the Class are Walgreen Co. and its officers, directors and employees and those who purchased the Vitamin E product for the purpose of resale.

The Multi-state class consists of the following states: Arkansas, Colorado, Connecticut, Delaware, District of Columbia, Florida, Georgia, Hawaii, Idaho, Illinois, Maine, Massachusetts, Michigan, Minnesota, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Dakota, Oklahoma, Oregon, Rhode Island, South Dakota, Texas, Virginia, Vermont, Washington, West Virginia, and Wisconsin.

3.  In the alternative, Plaintiff seeks to certify an California class defined as:

**California-Only Class**

> All consumers who, within the applicable statute of limitations period, purchased the Vitamin E product in California.
>
> Excluded from this Class are Walgreen Co. and its officers, directors and employees and those who purchased the Vitamin E product for the purpose of resale.

4.  To certify a class under Fed. R. Civ. P. 23 the Plaintiff must establish that:

(1)  the class is so numerous that joinder of all members is impracticable;

(2)  there are questions of law or fact common to the class;

(3)  the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

    (4)    the representative parties will fairly and adequately protect the interests of the class.

As set forth more fully below, Plaintiff satisfies each of these requirements and either a multi-state or California class should be certified.

5.    Members of the class are so numerous and geographically dispersed that joinder of all class members is impracticable. Given the fact that Defendant's product is sold in countless numbers of stores in at least 33 states, including Illinois, Plaintiff believes that the proposed class consists of thousands of members.

6.    As set forth more fully in Plaintiff's complaint, common questions of law and fact exist as to all members of the proposed class and predominate over individual questions, including :

    a.    whether Walgreen's representations discussed above are misleading, or objectively reasonably likely to deceive;

    b.    whether Walgreen's alleged conduct violates public policy;

    c.    whether the alleged conduct constitutes violations of the laws asserted;

    d.    whether Walgreen engaged in false or misleading advertising;

    e.    whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss; and

    f.    whether Plaintiff and Class members are entitled to other appropriate remedies, including corrective advertising and injunctive relief.

7.    The claims asserted by Plaintiff are typical of the claims of the members of the proposed class. The claims arise from the same course of conduct engaged in by Defendant in countless numbers of transactions around the country. Moreover, the relief sought by Plaintiff is common to the relief sought by the class.

8.    Plaintiff is an appropriate class representative in that she purchased Defendant's product falsely stating that it "naturally contributes to cardiovascular health by helping to protect LDL cholesterol from oxidation which may cause cellular damage" on the product packaging as

did the members of the class and he suffered the same harm by that purchase as said members of the class. Plaintiff will fairly and adequately represent the members of the class.

9. Plaintiff's counsel are very experienced in class actions and specifically in those actions involving consumer fraud. Plaintiff's counsel has over thirty years of experience prosecuting consumer fraud class actions on behalf of California and Multi-state classes. Plaintiff's counsel are adequate class counsel.

WHEREFORE for the above and foregoing reasons Plaintiff respectfully requests that this court certify a Multi-state class as defined above or, in the alternative, certify a California class as defined above.

Dated: March 19, 2013                           STEWART M. WELTMAN LLC

                                                                                    *s/* Stewart Weltman
Stewart M. Weltman (ID #24156)
sweltman@weltmanlawfirm.com
53 W. Jackson Suite 364
Chicago, IL 6060
Telephone: 312-588-5033
(Of Counsel Levin Fishbein Sedran & Berman)

Of counsel:

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
Elaine A. Ryan (*To be admitted Pro Hac Vice*)
Patricia N. Syverson (*To be admitted Pro Hac Vice*)
Lindsey M. Gomez-Gray (*To be admitted Pro Hac Vice*)
eryan@bffb.com
psyverson@bffb.com
lgomez-gray@bffb.com
2325 E. Camelback Road, Suite 300
Phoenix, AZ 85016
Telephone: (602) 274-1100

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

    I, Stewart M. Weltman, certify that on March 19, 2013, I caused a copy of the foregoing **MOTION FOR CLASS CERTIFICATION** to be filed electronically with the Clerk of the Court and to be served by operation of the Court's electronic filing system to all counsel of record.

                                                  *s/Stewart M. Weltman*
                                                  Stewart M. Weltman